MENUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -v.-

EDWIN MEJIA,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**AMENDED FINAL ORDER OF FORFEITURE**

14-CR-577 (PAE)

WHEREAS, on or about July 23, 2015, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (D.E. 33) (the "Preliminary Order of Forfeiture"), which ordered the forfeiture to the United States of all right, title and interest of EDWIN MEJIA (the "Defendant") in the following property:

    a. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 39 Sumner Avenue, Yonkers, New York;

    b. All United States currency, funds or monetary instruments located at Wells Fargo Bank, N.A., credited to the following account numbers and in the following names and amounts:
        1. $1,708.05 credited to account number 627547801 in the name of Edwin Mejia; and
        2. $420.00 credited to account number 8520367569 in the name of Edwin Mejia;[1]

    c. All United States currency, funds, or other monetary instruments located at J.P. Morgan Chase Bank, N.A., credited to the following names and amounts:
        1. $10,079.38 credited to account number 105805270 in the name of Edwin R. Mejia;
        2. $5,000.20 credited to account number 2902013630 in the name of Edwin R. Mejia; and

---

[1] The Preliminary Order of Forfeiture incorrectly described this asset as $430 in United States currency, when it was actually $420 in United States currency credited to Wells Fargo Bank account number 8520367569.

      d. All United States currency, funds, or other monetary instruments located at Citibank, N.A., credited to the following account numbers and in the following names and amounts:
          1. $2,783.16 credited to account number 58670533 in the name of Edwin R. Mejia;

(a. though d., collectively, the "Specific Property");

    WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property and as a substitute for published notice as to those persons so notified;

    WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Subject Property before the United States can have clear title to the Subject Property;

    WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Subject Property was posted on an official government internet site ([www.forfeiture.gov](www.forfeiture.gov)) beginning on July 28, 2015, for thirty (30) consecutive days, through August 26, 2015, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on October 3, 2022 (D.E. 39);

WHEREAS, On or about July 29, 2015, notice of the Preliminary Order of Forfeiture was sent by Federal Express to Keisha Pons, Yonkers, New York (the "Noticed Party");

WHEREAS, the Defendant and the Noticed Party are the only persons and/or entities known by the Government to have a potential interest in the Specific Property;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture have been filed with respect to the Subject Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property, including any interest of the Keisha Pons in the Specific Property, is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

3. The United States Treasury Department shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
July 21, 2023

SO ORDERED:

_____
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

The Clerk of Court is requested to terminate the motion at Dkt. No. 43.